JAMES E. GRAVES, JR., Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority in all respects except for its affirmance of the conviction of Charles Moss and Jermaine Surtain on Count 12 for aiding and abetting the use of fire to commit obstruction of justice.
The jury instruction on Count 12 requires that, to convict, the jury must find beyond a reasonable doubt that the defendant “knowingly caused the use of fire to alter, destroy, mutilate, or conceal a record, document, or other object, or attempted to do so, with the intent to impair the object[’]s integrity or availability for use in an official proceeding, or otherwise obstruct, influence, or impede any official proceeding.” The jury instruction then lists the four elements of a charge of aiding and abetting, which was the charge Moss and Surtain were facing in relation to Count 12:
For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
1. That ... the offense charged ... was committed by some person;
2. That the defendant associated with the criminal venture;
3. That the defendant purposefully participated in the criminal venture; and
4. That the defendant sought by action to make that venture successful.
The jury instruction further explains: “The term ‘to associate with the criminal venture’ means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal’s criminal venture.” And “[t]he term ‘to participate in the criminal venture’ means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.”
The majority’s opinion is correct that inferences supported by circumstantial evidence can satisfy the elements of a crime, but those inferences must be reasonable. United States v. Moreland, 665 F.3d 137, 149 (5th Cir.2011) (quotation omitted) (“We [ ] will draw upon only reasonable inferences from the evidence to support the verdict.”). “Courts cannot credit inferences within the realm of possibility when those inferences are unreasonable.” Id. (quotation omitted). Moreover, we “uphold the verdict if, but only if, a rational juror could have found each element of the offense beyond a reasonable doubt.” Id. at 155 (quotation omitted). “A verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference.” Id. at 149 (quotation omitted).
With respect to the four elements of the aiding and abetting charge for Count 12, the first element is easily satisfied. David Samuels along with two unidentified individuals committed the underlying offense of burning the van to obstruct justice.
Regarding the second element, “associating with the criminal venture,” a reasonable jury would have to infer that Moss and Surtain had knowledge of and shared in Samuels’s criminal intent, and had a motive to burn the van. I agree that circumstantial evidence supports the inference that Moss and Surtain both knew about Samuels’s van burning scheme and *297 shared his motive — to destroy evidence of Treyor Winston August’s murder.[1]
The third and fourth elements, however, are more troublesome. The third element requires that Moss and Surtain engaged in some affirmative conduct to aid or assist Samuels in the burning of the van. The majority, citing United States v. Gulley, 526 F.3d 809, 816 (5th Cir.2008), properly notes that mere encouragement is sufficient to “aid or assist.” The fourth element requires that Moss and Surtain sought by action to make the van burning successful. The content of the phone calls between Moss and Samuels, and Surtain and Samuels on the day and night of the van fire are unknown. Therefore, to properly find Moss and Surtain guilty beyond a reasonable doubt on the third and fourth elements, a jury would have to make two additional inferences: that the three were discussing the burning of the van during those calls; and that during those calls, Moss and Surtain aided or encouraged Samuels in setting the van ablaze.
I agree that a reasonable jury, based on circumstantial evidence, could have made the second inference regarding the likely content of the phone calls. Nevertheless, the third inference — that Moss and Sur-tain aided or encouraged Samuels — is a prime example of “speculation, [ ] conjecture, or an overly attenuated piling of inference on inference.” Moreland, 665 F.3d at 149. This inference is not tethered to any circumstantial evidence, and is therefore unreasonable. I cannot accept the majority’s ruling that a rational juror could have found beyond a reasonable doubt that Surtain and Moss encouraged Samuels to burn the van during the calls or that Samuels sought Moss’s advice on how to burn the van since Moss was the so-called go-to man on incendiary devices. The record is clear that Samuels was the ringleader and organizer of every criminal scheme. Based on the history of the three’s interactions, it is indeed more likely that Samuels was instructing Surtain and Moss during those calls, informing them of his plan to burn the van and what the others should do next.
Because a reasonable jury could not have found Moss and Surtain guilty beyond a reasonable doubt on the last two elements of the aiding and abetting charge, I dissent from the majority’s affir-mance of the conviction of Moss and Sur-tain on Count 12.

. It is immaterial here that Samuels had an additional motive of collecting the insurance payout for the destroyed van.